# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FREDERICK WILLS,

                               :

          Petitioner,                    Case No. 1:07-cv-038

                               :          Chief Judge Sandra S. Beckwith
     -vs-                                Chief Magistrate Judge Michael R. Merz

ERNIE L. MOORE, Warden,

                               :

          Respondent.

---

## REPORT AND RECOMMENDATIONS

---

      Petitioner Frederick Wills brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction and sentence in the Hamilton County Common Pleas Court on one count of aggravated murder with a firearm specification and one count of carrying a concealed weapon.  He pleads the following grounds for relief:

> **Ground One:** The court committed prejudicial error in finding Wills guilty of aggravated murder and carrying a concealed weapon as the verdict was against the manifest weight of the evidence.
>
> **Supporting Facts:** Wills should not have been found guilty of aggravated murder, but rather of the lesser included offense of voluntary manslaughter.  The evidence is clear that Wills did not act with prior calculation and design.  It is difficult to think of a situation more calculated to enrage some than a person neglecting to take care of their sick child with sickle cell anemia.
>
> **Ground Two:** Ineffective assistance of appellate counsel.
>
> **Supporting Facts:** Counsel failed to raise seven (7) genuine issues infra and there is no reasonable justification for this failure.

-1-

**Ground Three:** Ineffective assistance of trial counsel for admitting her client's guilt.

**Supporting Facts**: During opening statements, Ms. Elizabeth Agar inadvertently admitted Wills' guilt without his consent to do so.

**Ground Four:** Prosecutorial Misconduct

**Supporting Facts:** The prosecuting attorney presented damaging evidence to the court under the guise of asking questions.  No one testified that Wills told them such damaging evidence presented by the prosecuting attorney.

**Ground Five:** Appellant was denied the effective assistance of trial counsel as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution when trial counsel failed to object to prosecutorial misconduct asking improper questions and implying evidence not presented.

**Supporting Facts:** Appellant's counsel Elizabeth Agar did not render effective assistance when she failed to object to the prosecutor's improper questions and evidence not presented.

**Ground Six**: Trial counsel provided ineffective assistance of counsel in violation of Appellant's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 2 and 10 of the Ohio Constitution in not requesting and using an expert witness in the area of eyewitness memory.

**Supporting facts:** The accuracy of the four witnesses' memory is highly suspect, and the State's case relied heavily upon these witnesses to the offense.  The witnesses, at various times, expressed uncertainty and inconsistencies within their account of the way the events unfolded leading to the death of the victim.  All establish the need for an expert to explain how four people in the same area were mistaken.

**Ground Seven**: Trial counsel provided ineffective assistance of counsel in violation of Appellant's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Ohio Constitution in not consulting with or engaging any witnesses.

**Supporting Facts:** Trial counsel failed to consult with or engage expert witness regarding eyewitness memory; failed to consult with

or engage expert witness regarding Appellant's state of mind concerning his 11-month old disabled child; failed to consult with or engage expert witnesses from Cincinnati Children's Medical Hospital Pediatric Medical Staff/Pediatric Specialists concerning sickle cell anemia, and its effect upon Appellant's disabled son; failed to develop evidence relevant to Appellant's psychological state of mind at the time of the offense when it is clear that Appellant was going to get the victim to go to the hospital, not to kill her; failed to put on any defense witnesses.

**Ground Eight:** Trial counsel's failure to investigate, have any defense, or conduct any meaningful adversarial challenges rendered ineffective assistance of counsel.

**Supporting Facts:** Trial counsel failed to conduct a reasonable investigation into Appellant's confession, to include but not limited to, calling witnesses; expert witnesses for eyewitness memory; expert psychology/psychiatric witnesses; hospital staff members; the victim's sister, to corroborate Appellant's story about his disabled son's admission and non-treatment without the victim's signed consent. The witnesses would have given testimony corroborating Appellant's version of events.

**Ground Nine:** When a court of appeals refuses to pass upon properly submitted assignments of error in writing, even after being advised of the error in a 26(A) application, the Appellant is denied due process and equal protection of law in the appeal process, requiring reversal.

**Supporting Facts:** Pursuant to Appellate Rule 26 (A), Appellant requested the Court of Appeals to reconsider its entry denying application for reopening of appeal, because the Court of Appeals refuse [sic] to pass upon properly submitted assignments of error in writing, denying the Appellant due process and equal protection of law in the appeals process.

**Ground Ten:** Whether Appellant's right to due process was violated when the trial court granted Appellee's motion in opposition to his post-conviction petition without giving Appellant an opportunity to respond to the motion.

**Supporting Facts:** Appellant's right to due process was violated when the trial court granted Appellee's motion in opposition to his post-conviction petition without giving Appellant an opportunity to

respond to the motion.

**Ground Eleven**: Whether the trial court erred when it denied Appellant an evidentiary hearing on the petition for postconviction relief, thus violating his Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, sections 1, 2, 9, 10, 16, and 20 of the Ohio Constitution.

**Supporting Facts:** An affidavit, being by definition a statement that the affiant has sworn to be truthful under penalty of perjury, should not lightly be deemed false; and given the information contained within the Appellant's petition, and all the assignments of error, the trial court should have found that trial counsel's failure to call any expert witnesses and/or any witnesses at all could rise to the level of ineffective assistance of counsel prejudicial to the rights of the Appellant. Thus, since Judge Nelson presided at Appellant's trial, the trial court should have conducted an evidentiary hearing to determine more fully the nature of the testimony of these witnesses, as well as the strategic reasoning of trial counsel for not presenting this expert testimony or testimony of other witnesses.

**Ground Twelve:** Whether the Court of Appeals erred in its decision denying Appellant's postconviction appeals, being both contrary to and involving an unreasonable application of clearly established law.

**Supporting Facts:** The Court of Appeals should have considered, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the Appellant, but not limited to the indictment, the court's journal entries, the generalized records of the clerk of courts, and the trial transcripts, before rendering its adverse decision contrary to the Appellant's position on the merits. Appellant's counsel did not file any motions, called [sic] any witnesses, conducted [sic] any type of pretrial investigations, or presented [sic] any type of defense in such a high-profile case (trial was 40 to 45 minutes in length).

(Petition, Doc. No. 3).

### Ground One

In his first Ground for Relief, Petitioner claims his conviction is against the manifest weight of the evidence. This claim, which was the sole assignment of error raised on direct appeal, does not state a claim for relief in federal habeas corpus.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida*, 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

An allegation that a verdict was entered upon **insufficient** evidence does state a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to

ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006);

*United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted

as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course,

it is state law which determines the elements of offenses; but once the state has adopted the

elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

However, a claim that a conviction is against the manifest weight of the evidence states a

claim under state law but not under federal law. In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E.

2d 541 (1997), the Ohio Supreme Court reaffirmed the important distinction between appellate

review for insufficiency of the evidence and review for manifest weight. It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence
> is legally sufficient to sustain a verdict is a question of law. *State v.
> Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.
> In addition, a conviction based on legally insufficient evidence
> constitutes a denial of due process. *Tibbs v. Florida* (1982), 457
> U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing
> Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
> 560. Although a court of appeals may determine that a judgment of
> a trial court is sustained by sufficient evidence, that court may
> nevertheless conclude that the judgment is against the weight of the
> evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389,
> 124 N.E.2d at 149. Weight of the evidence concerns "the inclination
> of the greater amount of credible evidence, offered in a trial, to
> support one side of the issue rather than the other. It indicates clearly
> to the jury that the party having the burden of proof will be entitled
> to their verdict, if, on weighing the evidence in their minds, they shall
> find the greater amount of credible evidence sustains the issue which
> is to be established before them. Weight is not a question of
> mathematics, but depends on its effect in inducing belief." (Emphasis
> added.)
>
> When a court of appeals reverses a judgment of a trial court on the
> basis that the verdict is against the weight of the evidence, the
> appellate court sits as a " 'thirteenth juror' " and disagrees with the

> factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause. *Tibbs v. Florida*, 457 U.S. 31, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982).

Mr. Wills' first Ground for Relief is pleaded here as a manifest weight claim, exactly as it was pled on direct appeal. But such a claim does not allege a violation of the United States Constitution. The first Ground for Relief should therefore be denied.

## Ground Two

In his second Ground for Relief, Petitioner asserts he received ineffective assistance of appellate counsel when his appellate attorney, who was a different person from the lawyer who represented him at trial, failed to plead as assignments of error prosecutorial misconduct and ineffective assistance of trial counsel  in admitting guilt and failing to object to prosecutorial misconduct (Traverse at 10.)[1]

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the

---

[1]While Petitioner refers earlier on the same page to "seven (7) genuine issues infra," the three issues recited above are the only issues he sets out "infra."

> defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144

(1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th

Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial,

counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S.

387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L.

Ed. 2d 300 (1988).  Counsel must be appointed on appeal of right for indigent criminal defendants.

*Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963);  *Anders v. California*,

386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967);  *United States v. Cronic,* 466 U.S. 648, 104

S. Ct. 2039, 80 L. Ed. 2d 657 (1984).  The right to counsel is limited to the first appeal as of right.

*Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974).  The *Strickland* test applies

to appellate counsel.  *Smith v. Robbins*, 528 U.S. 259 (2000); *Burger v. Kemp,* 483 U.S. 776, 107

S. Ct. 3114, 97 L. Ed. 2d 638 (1987).  The attorney need not advance every argument, regardless of

merit, urged by the appellant.  *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987

(1983)("Experienced advocates since time beyond memory have emphasized the importance of

winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most

on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made.  *See Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986).  However, failure to raise an issue can amount to ineffective assistance.  *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003);  *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions."  *McMeans v. Brigano*, 228 F.3d 674(6th Cir. 2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).  Counsels' failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.  *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002).  "Counsel's performance is strongly presumed to be effective."  *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*).  To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented. *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

Ohio provides criminal defendants with a method to raise ineffective assistance of appellate counsel claims, to wit, by filing an application for reopening of the direct appeal under Ohio R. App. P. 26.  Petitioner filed such an application in a timely manner, raising six additional assignments of error he believed should have been raised on direct appeal, including the three that he presses in this

Court (see Exhibit 10 to Return of Writ, Doc. No. 7).  The Court of Appeals denied the application

on the merits, finding that the asserted assignments of error all relied on material outside the record

which could not have been raised on direct appeal, but rather should be raised in a petition for post-

conviction relief under Ohio Revised Code § 2953.21.  Because these claims could not have been

raised on direct appeal, the court reasoned, it was not ineffective assistance of appellate counsel to

fail to raise them.  (Decision, Exhibit 13 to Return of Writ, Doc. No. 7.)

When a state court decides a federal constitutional question on the merits, a federal habeas

court, after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No

104-132, 110 Stat. 1214)(the "AEDPA"), must defer to the state court ruling unless it is contrary to

or an unreasonable application of law clearly established in decisions of the United States Supreme

Court.

The Supreme Court has elaborated on the standard of review of state court decisions on

claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified
> a federal habeas court's role in reviewing state prisoner applications
> in order to prevent federal habeas "retrials" and to ensure that
> state-court convictions are given effect to the extent possible under
> law.  See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495,
> 146 L.Ed.2d 389 (2000).  To these ends, § 2254(d)(1) provides:
>
> > (d) An application for a writ of habeas corpus on
> > behalf of a person in custody pursuant to the judgment
> > of a State court shall not be granted with respect to
> > any claim that was adjudicated on the merits in State
> > court proceedings unless the adjudication of the
> > claim--
> > "(1) resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States."

As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495.  See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

The question, then, is whether the Ohio First District Court of Appeals unreasonably applied Supreme Court law in deciding Petitioner's Appellate Rule 26(B) application.  That court did not cite any federal law in its decision, but in order to avoid being contrary to Supreme Court precedent, a state court decision need not cite the controlling precedent or even be aware of it "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3; 123 S. Ct. 362; 154 L. Ed. 2d 263 (2002)(per curiam).  It is sufficient if the result and reasoning are consistent with Supreme Court precedent.  *Slagle v. Bagley*, 457 F.3d 501 (6th Cir., 2006), citing *Early v. Packer, supra.*

This Court cannot say that the First District Court of Appeals decision on the merits of this claim was an objectively unreasonable application of Supreme Court law.  The State plainly has the right to channel constitutional claims which depend on matter outside the trial court record back to

the trial court in the first instance, rather than to decide them on an insufficient record on appeal. Petitioner's first claim is that his trial attorney admitted his guilt without his permission. But the conversations or lack of them between Petitioner and his counsel would not have appeared of record. Petitioner's second claim is of prosecutorial misconduct in asking questions on cross examination which implied evidence. While those questions would also show on the record, the question whether the prosecutor had a good faith basis for asking the questions would not; that would also have to be supplied by a separate record. Finally, without knowing whether there was such a good faith basis for asking the questions, a court could not decide whether it was ineffective assistance of trial counsel for the trial attorney to fail to object. Because the court of appeals correctly applied Ohio law to decide this claim, its decision was not an objectively unreasonable application of clearly established federal law. Petitioner's second Ground for Relief is therefore without merit.

## Ground Three

In his third Ground for Relief, Petitioner claims his trial attorney provided ineffective assistance of counsel when she admitted his guilt of most of the elements of the offense in her opening statement.

Respondent asserts this Ground for Relief is procedurally defaulted because it was not raised on direct appeal and not included in Petitioner's post-conviction petition under Ohio Revised Code § 2953.21.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate

> and independent state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can
> demonstrate cause of the default and actual prejudice
> as a result of the alleged violation of federal law; or
> demonstrate that failure to consider the claims will
> result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also*

*Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal

habeas a federal constitutional right he could not raise in state court because of procedural default.

*Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S.

107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Absent cause and prejudice, a federal habeas petitioner

who fails to comply with a State's rules of procedure waives his right to federal habeas corpus

review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485,

106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d

783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

*Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822,

9 L. Ed. 2d 837 (1963).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir.

1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594

(6th Cir. 2001).

> First the court must determine that there is a state procedural rule that
> is applicable to the petitioner's claim and that the petitioner failed to
> comply with the rule.
>
> . . . .

> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

From the First District Court of Appeals decision, we know that the state courts did not hold against Mr. Wills his failure to raise this claim on direct appeal because the court actually said the claim relied on matter outside the trial record and therefore should be raised in a post-conviction petition. However, though he filed such a petition, Mr. Wills did not make this claim in that petition. Thus he is precluded by that procedural default from presenting the claim on the merits here unless he can show excusing cause and prejudice, which he does not attempt to do in his Traverse. The third Ground for Relief is therefore procedurally defaulted.

As an alternative analysis, the Magistrate Judge notes that this claim is also without merit. As noted in the Return of Writ, Ms. Agar's opening statement is completely consistent with Mr. Wills' trial testimony. The issue being tried, as Mr. Wills notes in the first Ground for Relief, was whether the shooting involved prior calculation and design, not whether he actually shot and killed the victim.

**Ground Four**

In his fourth Ground for Relief, Petitioner asserts the prosecutor committed misconduct by asking Mr. Wills on cross examination whether he had told a member of his family that he could not have committed the homicide because he was at work that day.

This Ground for Relief is procedurally defaulted for the same reason as the third Ground: proving that the prosecutor had no good faith basis for asking this question would have depended on evidence outside the record which could have been, but was not, presented in the post-conviction relief proceeding.  Indeed, this claim was not even raised in the § 2953.21 petition.

Alternatively, this Ground for Relief is without merit because an isolated question such as this, particularly in a bench trial with an experienced trial judge, is not likely to have misled the trier of fact.  The test for prosecutorial misconduct is whether the prosecutor's behavior would have rendered the entire trial unfair.  On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process, *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright,* 477 U.S. 168 (1986); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999) or whether it was "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir. 1979); accord *Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir. 1979), *aff'd sub nom*, *Watkins v. Sowders*, 449 U.S. 341 (1981); *Stumbo v. Seabold*, 704 F.2d 910 (6th Cir. 1983).

**Ground Five**

In his fifth Ground for Relief, Mr. Wills complains that his trial attorney rendered ineffective assistance by failing to object to the prosecutor's question. This Ground for Relief is reviewed on the same standards as set forth above. Because Mr. Wills procedurally defaulted in presenting this claim to the state courts – by not including it and the factual basis for it in his post-conviction petition – this Ground for Relief should also be denied.

## Ground Six

In his sixth Ground for Relief, Petitioner asserts that he received ineffective assistance of trial counsel because his trial attorney did not request and use "an expert witness in the area of eyewitness memory."

The state courts decided this claim on the merits and concluded Petitioner had not shown ineffective assistance of trial counsel because he had not shown what testimony an expert on "eyewitness memory" would have given. This Court cannot say that this decision by the state courts was an objectively unreasonable application of clearly established federal law as enunciated by the Supreme Court. Indeed, even now, Mr. Wills cites no Supreme Court law holding that it is ineffective assistance of trial counsel to fail to present an expert witness on the fallibility of eyewitness testimony. He also provides this Court with no evidence of what such a witness would say.

The Court is familiar with Dr. Solomon Fulero, to whom Mr. Wills refers in his Traverse, and of Dr. Fulero's expertise and frequent testimony on the unreliability in general of eyewitness identification testimony. However, the identification of the perpetrator was not in issue in this case;

-17-

Defendant admitted shooting the victim in his own sworn testimony.[2]  As Petitioner emphasizes in his Traverse, there were substantial differences in the eyewitnesses' narrations of what happened, but it is doubtful that an expert witness would have had anything useful to say about that.  Would anyone, particularly an experienced trial judge like Judge Nelson, expect that these witnesses would have identical stories?  If they did, their testimony would be highly suspect.

Petitioner is not entitled to relief on the ground no expert in eyewitness testimony was called.

## Ground Seven

In his seventh Ground for Relief, Petitioner claims that he received ineffective assistance of trial counsel because there were numerous other witnesses on various topics who were not called to testify.

This Ground for Relief is also without merit on the same basis found by the state courts: Petitioner presented no evidence in support of his petition for post-conviction relief which shows what any such witnesses would have testified to.  Therefore, he did not meet the prejudice prong of *Strickland v. Washington, supra*, in the state courts and cannot meet it here.

## Ground Eight

In Ground Eight, Petitioner re-packages his sixth and seventh claims of failure to present as

---

[2]Petitioner states several times in the Traverse that ""the central focus of Mr. Wills' trial was the identity of the pertetrator [sic]."  See, e.g., p. 21.  This statement is completely inconsistent with the trial record.

a failure to investigate ineffective assistance of trial counsel claim.  This claim is without merit on the same basis as the sixth and seventh claims: Petitioner did not present in the state courts any evidence of what additional investigation would have revealed that might have affected the outcome of the case.  Therefore this claim also fails the prejudice prong of *Strickland* and the state court's conclusion to that effect is not an unreasonable application of *Strickland*.

## Ground Nine

In Ground Nine Petitioner asserts he was denied due process of law and equal protection of the laws when the Court of Appeals did not file a proper written decision on the assignments of error in his application for reopening the appeal.

Respondent asserts this claim is not cognizable in federal habeas corpus and is correct to the extent, if any, that Petitioner is asserting he was entitled to written rulings on the underlying assignments of error pled in his Rule 26 application by virtue of Ohio R. App. P. 12, which requires such written rulings.  Violations of Rule 12, assuming there were any in this case, are not *per se* violations of the United States Constitution.

Petitioner seems to concede this in his Traverse, but argues that due process and equal protection violations are cognizable.  Petitioner has not stated an equal protection violation because he has not even suggested that the Court of Appeals declined to make written rulings in his case on some invidious basis (e.g., race, national origin, gender, etc.).  Again assuming that the appellate court did violate Ohio law by not making a written ruling on each assignment of error, not every violation of state law amounts to a violation of due process.  To put it another way, persons do not

have a constitutional right to compel States to follow all of the procedural requirements they have adopted for themselves. Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993).

In any event, Ohio law does not require the appellate court to rule individually and in writing on the potential or hypothetical assignments of error underlying an application to reopen a direct appeal. Until the appeal has been reopened, those proposed assignments of error are not before the court of appeals on the merits. See *State v. Reddick,* 72 Ohio St.3d 88, 90-91, 1995-Ohio-249, 647 N.E.2d 784 (1995).

**Ground Eleven**

In his eleventh Ground for Relief, Mr. Wills asserts the state court erred in denying him an evidentiary hearing on his petition for post-conviction relief.  This claim is without merit because there is no federal constitutional right to such a hearing.  Whether Petitioner had a right to such a hearing under state law is not a question cognizable in federal habeas corpus.

**Ground Twelve**

In his twelfth Ground for Relief, Petitioner asserts the court of appeals erred in deciding his appeal from denial of post-conviction relief by not adequately considering the entire record in the case.  Petitioner does not suggest how he knows that is the case; the court of appeals did not say it was refusing to consider the whole record.  (See Entry, Exhibit 29 to Return of Writ, Doc. No. 7)

In any event, this claim is not cognizable in federal habeas corpus for the same reasons given with respect to Ground Eleven.

**Conclusion**

The Petition herein is without merit and should be dismissed with prejudice.  Because the conclusions reached herein would not be debatable among reasonable jurists, Petitioner should be

denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

January 14, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).