# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FREDERICK WILLS,

    Petitioner,

  -vs-

ERNIE L. MOORE, Warden,

    Respondent.

Case No. 1:07-cv-038

Chief Judge Sandra S. Beckwith
Chief Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner Frederick Wills' Objections (Doc. No. 20) to the Magistrate Judge's Report and Recommendations ("Report," Doc. No. 19), recommending that the Petition be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner is serving a sentence imposed by the Hamilton County Common Pleas Court after conviction for one count of aggravated murder with a firearm specification and one count of carrying a concealed weapon. He pleads twelve Grounds for Relief in this Court and objects to the recommended disposition of each of them.

**Ground One**

Petitioner's first ground for relief reads:

> **Ground One:** The court committed prejudicial error in finding Wills guilty of aggravated murder and carrying a concealed weapon as the verdict was **against the manifest weight of the evidence**.
>
> **Supporting Facts:** Wills should not have been found guilty of aggravated murder, but rather of the lesser included offense of voluntary manslaughter. The evidence is clear that Wills did not act with prior calculation and design. It is difficult to think of a situation more calculated to enrage some than a person neglecting to take care of their sick child with sickle cell anemia.

(Petition, Doc. No. 1, at 6; emphasis supplied.)

The Report lays out at length the legal distinction between a claim that a verdict is against the manifest weight of the evidence, which is solely a state law claim, and a claim that a verdict is not supported by sufficient evidence, which is a Fourteenth Amendment federal claim (Report at 5-7). It notes that the only assignment of error Mr. Wills raised on direct appeal and the only claim made in Ground for Relief One here is that the verdict here is against the manifest weight of the evidence, a state law claim not cognizable by a federal habeas corpus court.

In his Objections, Petitioner asserts, without any citation to the record, that "sufficiency of the evidence was under attack." That claim is belied by the record. His sole assignment of error on direct appeal was that the evidence was against the manifest weight of the evidence. (Appellant's Brief, Ex. 4 to Return of Writ, at I.) While the Brief mentions the federal standards, it is argued entirely in terms of the weight of the evidence, emphasizing that even when there is constitutionally sufficient evidence, the Court of Appeals can re-weigh the credibility of the witnesses. The Court of Appeals understood that it was deciding a manifest weight of the evidence claim and held "After reviewing the record, we are unable to say that the trial court lost its way and created a manifest

miscarriage of justice in finding Wills guilty of aggravated murder." (Opinion, Exhibit 6 to Return of Writ, at 3.)

However, even assuming against the proof in the record that Petitioner preserved a claim of insufficient evidence, that claim is without merit.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). Petitioner admitted shooting Lakeesha Tait and only contended that the finding that he acted with prior calculation and design had not been adequately proven. The prosecutor, from whose perspective a sufficiency of the evidence claim must be viewed, summarized the evidence on this point as follows:

> Wills was indeed angry with Lakeesha when she refused to talk with him the morning of the killing. But rather than explode with anger, Wills decided to take other actions. He left the scene and purchased a handgun for $50 off the street. He then called in sick from his work that afternoon. He then returned to nearby where Lakeesha worked and calmly waited for his prey to pass by. A homeowner who spoke with him immediately before the shooting noted his demeanor was calm and polite. When Lakeesha and her new boyfriend walked by, Wills pulled the handgun out and without saying a single word shot her. He then stood over the body and fired three more rounds into her back. The last of these was to the back of Lakeesha's head. Wills then had the presence of mind to run and evaded capture by stealing car from a dealership and driving it to Florida.

(Appellee's Brief, Exhibit 5 to Return of Writ, at 5-6.) That evidence, which plainly was believed

by the jury, was sufficient to convict Petitioner of killing Lakeesha Tait with prior calculation and design.

Petitioner's first ground for relief is without merit.

### Ground Two

In his second ground for relief, Mr. Wills makes three claims of ineffective assistance of appellate counsel for failing to raise three assignments of error on direct appeal. When the First District Court of Appeals considered these claims, they found the assignments, to be proven, would have required evidence which was not of record on direct appeal and therefore could not have been raised by appellate counsel. The Report and Recommendations agreed with that position. The Report concluded:

> This Court cannot say that the First District Court of Appeals decision on the merits of this claim was an objectively unreasonable application of Supreme Court law. The State plainly has the right to channel constitutional claims which depend on matter outside the trial court record back to the trial court in the first instance, rather than to decide them on an insufficient record on appeal. Petitioner's first claim is that his trial attorney admitted his guilt without his permission. But the conversations or lack of them between Petitioner and his counsel would not have appeared of record. Petitioner's second claim is of prosecutorial misconduct in asking questions on cross examination which implied evidence. While those questions would also show on the record, the question whether the prosecutor had a good faith basis for asking the questions would not; that would also have to be supplied by a separate record. Finally, without knowing whether there was such a good faith basis for asking the questions, a court could not decide whether it was ineffective assistance of trial counsel for the trial attorney to fail to object.

(Report and Recommendations, Doc. No. 19, at 13.)

Petitioner objects that a prosecutor's good faith basis for asking a question must be shown on the record when it is challenged. Therefore, he reasons, his trial attorney must have been ineffective when she failed to make the challenge. However, there was nothing before the Court of Appeals to show that, if the challenge had been made, the prosecutor would not have been able to meet it. Mr. Wills seems confident that there was no good faith basis, but failed to follow the Court of Appeals suggestion that he could demonstrate that in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Where in the record is any evidence the prosecutor could not have shown a good faith basis for his question?

Petitioner secondly challenges the Court of Appeals' and Magistrate Judge's conclusion that he had not demonstrated any instruction to his attorney not to admit any portion of his guilt in opening statement. While he does not point to any proof in the record, he claims that a plea of not guilty, such as he entered, is sufficient standing alone to prohibit a defense attorney from making any admission. But that simply is not the law. Here the actual shooting of Lakeesha Tait by Petitioner was attested by a number of eyewitnesses; even on appeal, Petitioner did not claim he was not the shooter. It is a common defense tactic to admit facts which are readily provable so that one does not seem to be denying what no reasonable person would deny. In the absence of some record proof that Petitioner expressly instructed his attorney not to admit he did the shooting, the mere fact of the admission does not establish ineffective assistance of trial counsel and therefore the Court of Appeals was correct to say this claim should be raised in post-conviction.

The second ground for relief is therefore without merit.

**Ground Three**

In his third ground for relief, Petitioner raises directly his claim that his trial attorney was ineffective for admitting his guilt of some of the elements of the charged crime in opening statement. The Report found, as Respondent argued, that this claim was procedurally defaulted because it was not raised in the post-conviction relief petition (Report, Doc. No. 19, at 13-16.) Alternatively, the Report found the claim without merit because the admission was completely consistent with Mr. Wills' trial testimony.

Petitioner objects that the Court of Appeals insistence he raise these claims in a post-conviction petition rather than on direct appeal was a matter of that court's "preference," and not required by Ohio law, citing *State v. Perry*, 18 Ohio St. 2d 175 (1967). Petitioner is mistaken about how the Perry rule operates. The syllabus in that case states the rule as follows:

> 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. ...
>
> 9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967)(emphasis *sic*.). *See also State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169, 170 (1982); *State v. Duling,* 21 Ohio St. 2d 13, 254 N.E. 2d 670 (1970). Thus the *Perry* rule is that what could have been raised on direct appeal

must be raised on direct appeal; it does not mean the Court of Appeals has a choice in the matter. It is axiomatic that courts of appeals are limited to the record before them and evidence cannot be added to the record on appeal. Post-trial in Ohio, evidence can only be added by a petition for post-conviction relief. Given a chance to raise this claim in post-conviction, Petitioner declined to do so and the claim is therefore procedurally defaulted.

## Ground Four

Ground Four raises directly the claim of prosecutorial misconduct, to wit, that the prosecutor did not have a good faith basis for asking one particular question. The Report recommends 1) denial on grounds for procedural default on the same basis as Ground Three and 2) denial on the merits in that, even assuming the question was improper, it was unlikely to mislead the trier of fact, an experience trial judge.

The Objections do not require additional analysis on this ground for relief which should be denied on the bases previously recommended.

## Ground Five

No additional analysis is required on Ground Five. It was procedurally defaulted when not raised in the petition for post-conviction relief.

## Ground Six

In his sixth ground for relief, Petitioner asserts his trial attorney was ineffective for failing to call an expert witness on the fallibility of eyewitness testimony. The state courts rejected this claim because Mr. Wills had not shown what such a witness would have contributed and thus there was no showing of prejudice. In his Objections, Mr. Wills essentially says we do not know what such an expert would have said because no expert was ever appointed to look into the matter.

The burden of proof on a claim of ineffective assistance of trial counsel is on the defendant. If a criminal defendant could force the State to provide experts at the post-conviction stage merely on the speculation that they might have something to offer, such claims would multiply indefinitely. Why not, for example, require appointment of a ballistics expert to test, at the post-conviction stage, whether Mr. Wills actually shot Ms. Tait in the back of the head of whether, perhaps, he aimed elsewhere and her death throes twisted her body into the position such that she received a shot in the back of the head? And if the first such appointed expert fails to offer that opinion, why not appoint a second?

From this Court's acquaintance with the use of psychologists to assist at trial on the fallibility of eyewitness testimony, the issue usually is eyewitness identification. Here there was no question of the identity of the shooter; it was admitted by Mr. Wills. How could an expert have assisted? Mr. Wills did not show that to the state courts and they correctly rejected this claim.

**Ground Seven**

In his seventh ground for relief, Petitioner claims ineffective assistance of trial counsel for failing to call various witnesses at trial. This claim was presented in post-conviction, but the state courts rejected it because Petitioner had not shown prejudice by showing what the omitted witnesses would have testified to. The Report recommends rejecting this claim on the same basis. (Report, Doc. No. 19, at 18-19.)

Petitioner objects that the state court did not give him a chance to show prejudice because it did not give him an evidentiary hearing and that "Petitioner, within the body of his state postconviction petition, proffered the evidence that would have been provided by the witnesses that counsel was ineffective for failing to contact, interview and present to the court." (Objections, Doc. No. 20, at 6.) Actually, what Petitioner did in the body of his Petition (Exhibit 23 to Return of Writ) was to speculate what various kinds of witnesses might have testified to, e.g., his state of mind about having a child with sickle cell anemia (whose mother, the victim, refused to sign treatment authorization on the day of the killing). There were not, however, any supporting affidavits from witnesses who might have been called at trial. That is precisely what Judge Nelson held in denying the Petition. (Entry, Exhibit 25 to Return of Writ) The judge specifically relied on *State v. Jackson*, 64 Ohio St. 2d 107, 413 N.E. 2d 819 (1980), which holds that a petitioner in a post-conviction proceeding is not automatically entitled to an evidentiary hearing, but must present sufficient documentary evidence outside the record to show entitlement to a hearing. In other words, it is not enough under Ohio law to make claims in a post-conviction petition about what the evidence will

show; one must also present some documentary evidence of that, usually in the form of affidavits. The only affidavit attached to Mr. Wills' post-conviction petition is his own affidavit of indigence.

Petitioner asserts in his Objections that he should be given an evidentiary hearing in this Court to make up for the fact that none was held in the state courts. But under 28 U.S.C. §2254(e)(2), no such hearing is to be held when the failure to develop facts in state court is attributable to the defendant. That is the case here where Petitioner failed to follow state rules by presenting some evidence by affidavit of what the omitted witnesses would have testified to.

## Ground Eight

In his eighth ground for relief, Petitioner asserts his trial attorney was ineffective for failure to investigate various aspects of his case. The Report recommends rejecting this claim for the same reasons that Grounds Six and Seven were rejected: failure to provide any supporting evidence in the state courts.

Petitioner objects that he outlined this evidence in his Traverse (Objections, Doc. No. 20, at 6-7.) He concludes, "Moreover, it is reasonable to assume that the witnesses (as outlined in the Traverse) would have given testimony corroborating Petitioner's version of events." *Id.* at 6. Petitioner does not tell the Court why it would be reasonable to make that assumption. He failed to provide affidavits from any of these witnesses in support of his post-conviction petition nor, for that matter, does he provide any to this Court. A habeas corpus proceeding is not the occasion for a new trial with a petitioner given the opportunity to gather witnesses based on speculation about what they would say. While a criminal defendant at trial has the right to use the power of the State

to subpoena witnesses to testify in his behalf, once trial is passed he must make some prima facie showing beyond his own speculation about what evidence they would give. That he has not done.

**Ground Nine**

In his ninth ground for relief, Petitioner claims he was denied due process of law and the equal protection of the laws when the Court of Appeals failed to rule individually and in writing on the merits of the omitted assignments of error he raised in his Application for Reopening Direct Appeal. The Report recommended denial of this ground for relief because the Ohio Rules of Appellate Procedure do not require such a ruling and even if they did, it would not violate the federal Constitution for a state court to fail to follow such a rule (Report, Doc. No. 19, at 19-20.)

In his Objections, Petitioner notes the obligation of an Ohio court of appeals to make a ruling on every assignment of error on direct appeal under Ohio R. App. P. 12. While that is true, nothing carries that obligation over from Rule 12 to Rule26 when a court of appeals is ruling on an application to reopen. Even if it did, there is no federal constitutional rule requiring the state courts of appeals to abide by such a rule of their own. . "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993).

**Ground Ten**

In his tenth ground for relief Petitioner asserts he was denied due process of law when the Common Pleas Court denied his petition for post-conviction relief without giving "Appellant an opportunity to respond to the motion." (Petition, Doc. No. 3, at 21.) The Report did not analyze this ground for relief, but it is without merit for the following reasons.

First of all, the State did not file a "motion" with respect to the petition for post-conviction relief. Instead, it filed a "Memorandum in Opposition to Petition for Postconviction Relief." (Exhibit 24 to Return of Writ). The State was responding to Petitioner's request for relief.

Secondly, nothing in Ohio law provides for a postconviction relief petitioner to file a reply memorandum in support of his petition once the State has opposed it. (See Court of Appeals Opinion, Return of Writ, Doc. 7-8.)

Third, as the Court of Appeals also held, there is no due process requirement to allow an opportunity to respond when the face of the Petition showed Mr. Wills was not entitled to relief. Petitioner has not demonstrated how this is an objectively unreasonable application of any clearly established United States Supreme Court case law. His sole citations in both the Traverse and his Objections are to Ohio case law.

**Ground Eleven**

In his eleventh ground for relief**,** Petitioner asserts he was denied his federal constitutional rights when his postconviction petition was denied without an evidentiary hearing. The Report

recommended denial of this claim on grounds there is no such federal constitutional right.  In his Objections, Petitioner accepts that conclusion (Objections, Doc. No. 20, at 9.)

### Ground Twelve

In his twelfth Ground for Relief, Petitioner asserts the court of appeals erred in deciding his appeal from denial of post-conviction relief by not adequately considering the entire record in the case.  The Report concluded this ground should be denied because Petitioner had offered evidence to prove the claim and in any event there was no federal constitutional right involved.

Petitioner responds with rhetorical questions about the length of his trial and the absence of pre-trial motions, as if this proved that the Court of Appeals did not consider the whole record.  Essentially, Petitioner is arguing that his trial attorney's ineffectiveness is apparent from the face of the record because one would expect more motions, etc., in an aggravated murder case.  Once again, this argument turns the burden of proof on its head.  Once there has been a trial and a direct appeal, a person seeking relief for ineffective assistance of trial counsel must show both deficient performance and prejudice.  Despite repeated attempts, Petitioner has not shown with evidence how he was prejudiced by the way his trial was conducted.

**Conclusion**

It is again respectfully recommended that the Petition be dismissed with prejudice and that Petitioner be denied any requested certificate of appealability and leave to appeal *in forma pauperis*.

January 26, 2008.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).