UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Frederick Wills,                    :
                                    :
      Petitioner,                   :
                                    :
      vs.                           :   Case No. 1:07-CV-038
                                    :
Ernie L. Moore, Warden,             :
                                    :
      Respondent.                   :


**ORDER ADOPTING REPORT AND RECOMMENDATION**

I.  <u>Introduction</u>

     Petitioner Frederick Wills brought this habeas action
pursuant to 28 U.S.C. § 2254 to obtain relief from a conviction
and sentence following his trial to a judge in the Hamilton
County, Ohio, Court of Common Pleas, on one count of aggravated
murder with a firearm specification and one count of carrying a
concealed weapon.  On January 14, 2008, Chief United States
Magistrate Judge Michael R. Merz issued a Report and
Recommendation, in which he recommended that the petition be
denied with prejudice.  Doc. 19.  The Magistrate Judge determined
that Petitioner's grounds for relief either lack merit or are
procedurally defaulted and waived.  Magistrate Judge Merz issued
a Supplemental Report and Recommendation on January 28, 2008,
confirming his initial recommendations.  Doc. 23.

-1-

Petitioner timely filed Objections to both the Report and Recommendation and the Supplemental Report and Recommendation. Docs. 20, 24.  The Court has conducted a de novo review of the record in this case as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  Upon such review, and for the reasons set forth below, the Court finds that Petitioner's objections are not well-taken.

II.  <u>Factual and Procedural Background</u>

The facts giving rise to Petitioner's conviction are summarized in the Hamilton County, Ohio, Court of Appeals decision, <u>State of Ohio v. Frederick Wills</u>, Case No. C-040612 (First District, June 29, 2005):

> On June 11, 2004, Wills shot Lakeesha Tait once in the chest, twice in the back, and once in the head.  Wills was charged with aggravated murder in violation of R.C. 2903.01(A) with a gun specification, and with carrying a concealed weapon in violation of R.C. 2923.12(A).
>
> Wills and Tait had had a contentious relationship. Tait was the mother of Wills's two children.  One of the children, Dominic, had sickle cell anemia.  On June 10, 2004, Children's Hospital in Cincinnati called Wills to inform him that Tait had not signed an authorization for the treatment of Dominic, who had been admitted to the hospital in crisis.  Wills attempted to contact Tait to ask her to sign the papers.  On the morning of June 11, Wills went to Tait's workplace.  Tait refused to talk to him.  Wills then called in sick to work and purchased a gun.  He returned to the area near Tait's workplace and waited for Tait to leave work.

> Wills claimed that he had not intended to shoot Tait
> when he returned to the workplace. Rather, he wanted
> to convince her to sign the papers for Dominic's
> treatment. He further claimed that he had brought the
> gun with him because Tait's sister had warned him that
> Tait's new boyfriend was dangerous. When Tait was
> leaving work with her boyfriend, Wills stated [ ] that
> he approached them and showed them the gun. According
> to Wills, Tait's boyfriend ran away, and Tait swung her
> arm at Wills. Wills pushed her back and then began to
> shoot her. Other witnesses testified that they had not
> heard an argument between Wills and Tait.

On appeal, Petitioner admitted to having caused Tait's death

and claimed as his sole assignment of error that the trial

court's finding that he had acted with prior calculation and

design was against the manifest weight of the evidence.[1] The

Court of Appeals overruled this assignment of error and affirmed

the trial court's judgment. Petitioner filed an appeal to the

Ohio Supreme Court, which denied the appeal.

Petitioner subsequently filed an application to reopen the

appeal pursuant to Ohio Appellate Rule 26, claiming that his

appellate counsel was ineffective for failing to raise several

assignments of error. The Court of Appeals denied the

application. Petitioner pursued an unsuccessful appeal from the

denial of his application to the Ohio Supreme Court. Petitioner

also filed a petition for post-conviction relief pursuant to Ohio

Rev. Code § 2953.21, in which he claimed that he had received

---

[1] "Prior calculation and design" is an element of aggravated murder
under Ohio Rev. Code § 2903.01(A), which states that "No person shall
purposely, with prior calculation and design, cause the death of another . .
."

-3-

ineffective assistance of trial counsel.  The Court of Common Pleas denied the petition, and Petitioner's appeals to the Court of Appeals and to the Ohio Supreme Court were unsuccessful.

III.  <u>The Habeas Petition</u>

Petitioner is now before this Court seeking habeas relief on the following grounds: (1) the verdict was against the manifest weight of the evidence; (2) he received ineffective assistance of appellate counsel in that counsel failed to raise seven genuine issues; (3) trial counsel rendered ineffective assistance by inadvertently admitting Petitioner's guilt during opening statements without his consent; (4) the prosecutor committed misconduct by presenting damaging evidence to the trial court under the guise of asking questions; (5) trial counsel rendered ineffective assistance by failing to object to the prosecutor's misconduct, which consisted of asking improper questions and implying the existence of evidence that had not been presented; (6) trial counsel provided ineffective assistance by neither requesting nor using an expert in the area of eyewitness memory to explain how the four eyewitnesses, who expressed uncertainty and inconsistencies within their accounts of the events leading to the victim's death, were mistaken; (7) trial counsel provided ineffective assistance by (a) not consulting with or engaging any expert witnesses regarding eyewitness memory, Petitioner's state of mind concerning his 11-month old disabled child, and sickle

-4-

cell anemia and its effect upon Petitioner's son, (b) not developing evidence relevant to Petitioner's state of mind at the time of the offense, when it is clear that Petitioner was going to get the victim to go to the hospital and not to kill her, and (c) failing to put on any defense witnesses; (8) trial counsel rendered ineffective assistance by failing to conduct a reasonable investigation into Petitioner's confession, by failing to call any witnesses, including expert witnesses and hospital staff members, and by failing to call as a witness the victim's sister to give testimony corroborating Petitioner's story about his disabled son's hospital admission and non-treatment without the victim's signed consent; (9) Petitioner was denied due process and equal protection of the law when the Ohio Court of Appeals refused to pass upon properly submitted assignments of error in writing; (10) Petitioner's right to due process was violated when the trial court granted the State's "motion in opposition to his post-conviction petition" without giving him an opportunity to respond to the "motion;" (11) the trial court erred when it denied Petitioner an evidentiary hearing on his petition for post-conviction relief, and given the information contained within the petition and the assignments of error, trial counsel's failure to call any witnesses should have led to an evidentiary hearing at which the trial judge could determine more fully the nature of these witnesses' testimony as well as trial

-5-

counsel's strategic reasoning for not presenting this expert testimony, or testimony of other witnesses; and (12) the Court of Appeals erred by denying Petitioner's post-conviction appeals without considering the entire record in this case, where the trial lasted only 40 to 45 minutes and Petitioner's counsel did not file any motions, call any witnesses, conduct or present any type of pretrial investigation, or present any type of defense.

IV.  <u>Standard of Review</u>

Habeas review of state court convictions is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2254(d).  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state courts have adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

To justify a grant of habeas relief under this provision of the AEDPA, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." <u>Miller v. Francis</u>, 269 F.3d 609, 614 (6th Cir. 2001)(internal

quotations omitted) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)).  A state court decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  <u>Id</u>. (citing <u>Williams</u>, 529 U.S. at 413).  Under the "unreasonable application" clause, a federal habeas court may grant the writ "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id</u>. at 614 (quoting <u>Williams</u>, 529 U.S. at 413).  Even if a federal court concludes that a state court incorrectly applied federal law, the court may not grant habeas relief unless it also finds that the state court application was objectively unreasonable.  <u>Id</u>. (citing <u>Williams</u>, 529 U.S. at 410, 411).

A violation of state law is not cognizable in federal habeas corpus unless such violation amounts to a fundamental miscarriage of justice or a violation of the right to due process as guaranteed by the United States Constitution.  <u>See</u> <u>Floyd v. Alexander</u>, 148 F.3d 615, 619 (6th Cir. 1998).  State court determinations of state law questions are not subject to review by a federal habeas court.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-

-7-

68 (1991).

The factual findings of a state court are presumed to be correct.  See 28 U.S.C. § 2254(e)(1).  A federal court may only diverge from a state court's factual findings if the petitioner rebuts the presumption of correctness by clear and convincing evidence.  Id.

V.  Resolution of Objections

1.  First Ground for Relief

The Magistrate Judge determined that Petitioner's claim that his conviction is against the manifest weight of the evidence does not state a claim for relief in federal habeas corpus, which is available to correct only federal constitutional violations, in contrast to a claim that a verdict was entered upon insufficient evidence, which does state a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  See Jackson v. Virginia, 443 U.S. 307 (1979).  The Magistrate Judge found that because Petitioner had presented his first ground for relief as a manifest weight of the evidence claim, exactly as it was presented on direct appeal, the claim should be denied.

In his objections, Petitioner argues that it is obvious from a careful review of the arguments presented that the "sufficiency of the evidence was under attack with regard to his aggravated murder conviction."  Petitioner contends that although he

-8-

admitted to shooting the victim, the Magistrate Judge mistakenly interpreted the facts to mean that Petitioner had confessed to every element of aggravated murder, and the State did not prove beyond a reasonable doubt every fact necessary to establish that offense.

In the Supplemental Report and Recommendation, the Magistrate Judge found Petitioner's claim that "sufficiency of the evidence" was under attack to be belied by the record.  The Magistrate Judge noted that although Petitioner's brief on direct appeal mentioned the federal standards, Petitioner argued entirely in terms of the weight of the evidence, which is the standard for a state law manifest weight of the evidence claim. The Magistrate Judge further determined that even if Petitioner had preserved an insufficiency of the evidence claim, that claim was without merit.  In his objections to the Supplemental Report and Recommendation, Petitioner asserts that it is clear from the record that the Court of Appeals addressed both insufficiency of the evidence and manifest weight of the evidence claims on direct appeal.  He further argues that it is apparent from the evidence that he did not act with prior calculation and design, but instead he was going to get Tait to go to the hospital, and the only reason he bought a gun was to protect himself from Tait's boyfriend.  He claims that he should have been convicted of voluntary manslaughter.

The distinction between a claim that a conviction is against the manifest weight of the evidence and a claim that the conviction is not supported by a sufficiency of the evidence is a critical one for purposes of habeas review. Sufficiency of the evidence refers to the due process requirement that there be enough evidence introduced in favor of the prosecution for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. See Jackson, 443 U.S. at 319. Conversely, a manifest weight of the evidence claim is based on a state law concept that is both quantitatively and qualitatively different from a constitutional due process sufficiency of the evidence standard.  See Tibbs v. Florida, 457 U.S. 31, 41-47 (1982); State v. Thompkins, 78 Ohio St.3d 380, 386 (1997).  Under Ohio law, a claim that a verdict was against the manifest weight of the evidence requires the appellate court to act as a thirteenth juror and to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  State v. Martin, 20 Ohio App.3d 172 (1st Dist. Ohio 1983); cf. Tibbs, 457 U.S. at 42. Because such a claim raises an issue of state law only, it is not cognizable in a federal habeas corpus proceeding.  See 28 U.S.C.

-10-

§ 2254(a).

Petitioner has consistently presented the first ground for relief solely as a claim that the verdict was against the manifest weight of the evidence, not that the evidence was insufficient to support the verdict.  Contrary to Petitioner's representation, the Court of Appeals stated that the sole claim on appeal was Petitioner's claim that the trial court's finding that he had acted with prior calculation and design was against the manifest weight of the evidence.  In his habeas petition, Petitioner specifically claimed as his first ground for relief that "[t]he verdict was against the manifest weight of the evidence" because the evidence is clear that he did not act with prior calculation and design, so that he should have been convicted of voluntary manslaughter.  He alleged that "it is difficult to think of a situation more calculated to enrage some [sic] than a person neglecting to take care of their sick child with sickle cell anemia," implying that he had acted out of uncontrollable rage rather than pursuant to a considered plan.  A determination as to whether Petitioner acted out of sudden and uncontrollable rage or whether he acted with prior calculation and design turns on the weight afforded the evidence and the credibility determinations made by the trier-of-fact.  Because Petitioner's first ground for relief challenges the verdict only as being against the manifest weight of the evidence and does not

-11-

challenge the sufficiency of the evidence, the claim is not cognizable on habeas review.

Assuming Petitioner had raised a due process issue as to the sufficiency of the evidence, the evidence is clearly sufficient to sustain a verdict on the aggravated murder conviction.  See Jackson, 443 U.S. at 319 ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.")  The evidence as summarized by the prosecutor in the State's brief filed on direct appeal is as follows:

> Wills was indeed angry with Lakeesha when she refused to talk with him the morning of the killing.  But rather than explode with anger, Wills decided to take other actions.  He left the scene and purchased a handgun for $50.00 off the street.  He then called in sick from his work that afternoon.  He then returned to nearby where Lakeesha worked and calmly waited for his prey to pass by.  The homeowner who spoke with him immediately before the shooting noted his demeanor was calm and polite.  When Lakeesha and her new boyfriend walked by, Wills pulled the handgun and without saying a single word shot her.  He then stood over the body and fired three more rounds into her back.  The last of these was to the back of Lakeesha's head.  Wills then had the presence of mind to run and evaded capture by stealing a car from a dealership and driving it to Georgia.

Doc. 7, exh. 5.

Petitioner's objections to the recommendation that the first ground for relief be denied are overruled.

2.  <u>Second Ground for Relief</u>

As his second ground for relief, Petitioner claims that appellate counsel rendered ineffective assistance by failing to raise seven assignments of error on appeal.  He has, however, identified only the following three assignments of error that appellate counsel failed to raise: (1) trial counsel rendered ineffective assistance by admitting his guilt without his permission, (2) the prosecutor committed misconduct by asking questions on cross-examination that implied evidence, and (3) trial counsel rendered ineffective assistance by failing to object to the prosecutorial misconduct.

In the Report and Recommendation, the Magistrate Judge set forth the governing standard for a claim of ineffective assistance of counsel.  The Magistrate Judge then noted that the method Ohio provides for a criminal defendant to raise a claim of ineffective assistance of appellate counsel is the filing of an application for reopening of the direct appeal pursuant to Ohio Appellate Rule 26(B), which Petitioner had filed.  The Ohio Court of Appeals denied the application to reopen on its merits, finding that the assignments of error Petitioner claimed appellate counsel should have presented depended for their resolution on evidence outside the record and therefore could not have been presented on direct appeal; instead, the appropriate vehicle for presenting these claims was a petition for post-

conviction relief under Ohio Rev. Code § 2953.21.[2]  Accordingly, the Court of Appeals found that appellate counsel was not ineffective for failing to assign these matters as error on direct appeal.

The Magistrate Judge determined that the Ohio Court of Appeals' decision was not an objectively unreasonable application of clearly-established Federal law.  First, as to the alleged admission of guilt by counsel without Petitioner's permission, the Magistrate Judge noted that any conversations between Petitioner and his counsel would not have appeared of record.  In addition, the Magistrate Judge found that because a number of individuals had witnessed Petitioner shoot the victim, and because Petitioner did not claim even on appeal that he was not the shooter, counsel's admission that Petitioner shot the victim does not establish ineffective assistance of counsel absent some proof of record that Petitioner expressly instructed counsel not to make the admission.  As to the prosecutor's questions, the Magistrate Judge determined that whether there was a good faith basis for such questions would likewise not appear on the record. Therefore, the Magistrate Judge determined that the second ground for relief is without merit.

---

[2] It is well-established in Ohio that the proper method for raising a claim that depends for its resolution upon evidence outside the record is a petition for post-conviction relief.  See State v. Milanovich, 42 Ohio St.2d 46, syll. ¶ 1 (1975); State v. Combs, 100 Ohio App.3d 90, 97 (1st Dist. 1994).

The two-prong governing standard for a claim of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  The defendant must first establish that "counsel's performance was deficient," which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687.  Second, "the defendant must show that the deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id.  As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. at 689.  With regard to the second prong, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

A criminal defendant is entitled to effective assistance of counsel on direct appeal.  Evitts v. Lucey, 469 U.S. 387, 396 (1985).  The Strickland test applies to a claim of ineffective

-15-

assistance of appellate counsel.  <u>Smith v. Robbins</u>, 528 U.S. 259 (2000).  To be effective on appeal, an attorney need not advance every argument, regardless of merit, urged by petitioner.  <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983).  While failure to raise an issue can constitute ineffective assistance, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  <u>Joshua v. Dewitt</u>, 341 F.3d 430, 441 (6th Cir. 2003) (citation omitted).  In order to show that appellate counsel was ineffective, petitioner must demonstrate that appellate counsel ignored issues that are clearly stronger than those presented.  <u>Id</u>. (citation omitted).  As to the prejudice prong, there must be a reasonable probability that inclusion of the omitted issue would have changed the result of the appeal.  <u>McFarland v. Yukins</u>, 356 F.3d 688, 699 (6th Cir. 2004).

Petitioner has not shown that appellate counsel was ineffective for failing to raise on appeal the three issues that he specifically identifies.  The Court of Appeals determined that those issues were not properly raised on direct appeal because they were based on evidence outside the record, and Petitioner has not shown that the Court of Appeals' determination was erroneous in any respect.  It cannot be determined from the record whether there was a good faith basis for the prosecutor's

question that Petitioner challenges, i.e., did Petitioner tell a family member that he could not have shot the victim because he was at work that day, and whether counsel was ineffective for failing to object to the question.  Moreover, while Petitioner argues that it is apparent from the record that he did not consent to trial counsel admitting his guilt since he had entered a plea of not guilty, his plea does not suffice to establish this allegation.  The transcript shows that trial counsel did not admit in her opening statement that Petitioner was guilty of aggravated murder.  To the contrary, counsel admitted that Petitioner had shot the victim, which Petitioner had confessed to the police and likewise admitted in his testimony, but she denied that Petitioner had acted with prior calculation and design. Petitioner's plea of not guilty to the charge of aggravated murder is not inconsistent with the opening statement.

In short, the Court of Appeals' decision was not an objectively unreasonable application of Supreme Court law. Petitioner's second ground for relief is without merit.

3.  <u>Third Ground for Relief</u>

As his third ground for relief, Petitioner claims that trial counsel rendered ineffective assistance by admitting his guilt during opening statements without his consent to do so.  The Magistrate Judge found that Petitioner procedurally defaulted and waived this claim because he failed to raise the claim on direct

-17-

appeal or in a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21. In the alternative, the Magistrate Judge determined that the claim is without merit because trial counsel's opening statement is completely consistent with Petitioner's trial testimony that he shot the victim but that he acted without prior calculation and design.

Petitioner disputes that he committed a procedural default, arguing that this claim does not depend for its resolution on evidence outside the record and therefore was properly raised in his Rule 26(B) application rather than in a petition for post-conviction relief; the Court of Appeals declined to reach the merits of the claim in the Rule 26(B) application based only on a preference that the claim be raised in a post-conviction petition and not because of a procedural bar; and the claim has merit because Petitioner pled not guilty to the aggravated murder charge and therefore obviously would not have consented to his trial counsel admitting his guilt.

A petitioner who fails to comply with an independent and adequate state procedural rule for raising a claim in state court waives his right to federal habeas review, absent a showing of cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Petitioner's claim that his trial counsel was ineffective for admitting his guilt at trial without

-18-

his consent is procedurally barred.  Petitioner did not raise
this claim in a petition for post-conviction relief, which is the
proper procedure for presenting the claim since it depends for
its resolution on evidence outside the record.  Petitioner has
not shown cause for the procedural default.  Nor, for the reasons
stated above, has he demonstrated prejudice resulting from his
failure to properly raise the claim in the state courts.
Accordingly, Petitioner has waived his third ground for relief.

4. <u>Fourth Ground For Relief</u>

     As his fourth ground for relief, Petitioner alleges that the
prosecuting attorney presented damaging evidence to the trial
court under the guise of asking questions, i.e., by asking
Petitioner whether he had told a family member that he could not
have shot the victim because he was at work when the shooting
occurred.  The Magistrate Judge determined that Petitioner had
committed a procedural default by failing to present this claim
in a § 2953.21 petition and, alternatively, the claim was without
merit because an isolated question such as this was not likely to
have misled the trier-of-fact, who was an experienced trial
judge.

     Petitioner argues that he properly raised this claim in the
Rule 26(B) application because it does not rely on evidence
outside the record for its resolution, and he claims the effect
of the alleged misconduct is not negated by the fact that the

-19-

trial judge is experienced.  For the reasons stated above, Petitioner committed a procedural default by failing to raise the prosecutorial misconduct claim in a petition for post-conviction relief.  Moreover, Petitioner has not demonstrated prejudice stemming from the procedural default.  Petitioner has not shown that the prosecutor's conduct "was so egregious so as to render the entire trial fundamentally unfair."  See Serra v. Mich. Dept. of Corrections, 4 F.3d 1348, 1355 (1974) (quoting Cook v. Bordenkircher, 602 F.2d 117, 119 (6th Cir. 1979)).  The question to which Petitioner objects was an isolated one and the proof of guilt was overwhelming.  Petitioner's objections to the Magistrate's recommendation that the fourth ground for relief be denied are overruled.

5. Fifth Ground for Relief

Petitioner claims as his fifth ground for relief that his trial attorney rendered ineffective assistance by failing to object to the prosecutor's question as to whether Petitioner had told any family member he was working when the shooting occurred. The Magistrate Judge determined that Petitioner had committed a procedural default as to this claim by failing to include it in his post-conviction relief petition.  For the reasons stated above, the Court agrees.  Petitioner has failed to demonstrate cause for his procedural default and prejudice resulting from it and has therefore waived his fifth ground for relief.

6.  <u>Sixth Ground for Relief</u>

Petitioner alleges as his sixth ground for relief that trial counsel was ineffective for failing to call an expert witness on the fallibility of eyewitness testimony.  The Magistrate Judge noted that the state courts decided this claim on the merits and concluded that Petitioner had not shown ineffective assistance of trial counsel because he had not offered any statement as to what an expert witness would have opined, and he had not alleged facts to show that he had been prejudiced by the failure to call an expert witness.  The Magistrate Judge found that this was not an objectively unreasonable application of clearly-established Federal law as enunciated by the Supreme Court.

The Court agrees with the Magistrate Judge's determination. Petitioner has not set forth facts to show what an expert in the area of eyewitness memory would have testified to, and he has not demonstrated how trial counsel's failure to call an expert witness in this field created a reasonable probability that the result of the trial would have been different.  There was no issue in this case as to whether Petitioner was the shooter, and he has not pointed out how the eyewitness accounts differed in respects that were critical to the outcome of the case.  The Court therefore finds that Petitioner's objections to the Magistrate Judge's recommendation that the sixth ground for relief be denied are not well-taken.

7. <u>Seventh Ground for Relief</u>

As his seventh ground for relief, Petitioner claims that trial counsel rendered ineffective assistance by failing to call witnesses to testify on matters that included Petitioner's state of mind concerning his 11-month old disabled child, sickle cell anemia and its effect upon the child, and Petitioner's state of mind at the time of the offense, when it is clear Petitioner was going to get the victim to go to the hospital and not to kill her. The Magistrate Judge found that this ground for relief is without merit on the same basis found by the state courts; that is, Petitioner presented no evidence in support of his petition to show what any witnesses would have testified to and to establish how he was prejudiced by his attorney's failure to call additional witnesses. Petitioner objects that he proffered the evidence the witnesses would have provided but he was unable to document the evidence further because the state court refused to conduct an evidentiary hearing.

The Court finds that Petitioner has not presented facts to show how trial counsel's performance was deficient or to show there is a reasonable probability that, but for counsel's alleged errors, the result of the trial would have been different. Petitioner failed to present to the state courts supporting facts or evidence that would suggest trial counsel rendered ineffective assistance in the respects he alleges so as to warrant an

-22-

evidentiary hearing and require further development of the record.  Nor has he presented any such evidence to this Court. Petitioner's seventh ground for relief is without merit.

8.  Eighth Ground for Relief

Petitioner's eighth ground for relief is a reiteration of his sixth and seventh grounds for relief in that he alleges trial counsel rendered ineffective assistance by (1) failing to undertake additional investigation and the steps identified above, and (2) failing to call as a witness the victim's sister to corroborate his story about his disabled son's hospital admission and non-treatment.  The Magistrate Judge recommends rejecting the claim because Petitioner did not present to the state courts or to this court any evidence as to what additional investigation might have revealed and he did not present any affidavits from potential witnesses as to what they would have testified to.

Petitioner has failed to show that his trial counsel's performance was constitutionally deficient.  He has also not demonstrated that if counsel had undertaken additional investigation or called witnesses such as those suggested by Petitioner, there is a reasonable probability that the outcome of the trial would have been different.  It is difficult to see how the proposed witnesses could have countered the testimony of the eyewitnesses who testified that they saw Petitioner calmly wait

-23-

for the victim, approach her as she left her workplace with her
boyfriend, shoot her once in the chest and again in the back and
in the back of the head as she lay on the sidewalk, and then
flee.  The eighth ground for relief is without merit.

9.  <u>Ninth Ground for Relief</u>

As his ninth ground for relief, Petitioner claims that he
was denied due process and equal protection of the law when the
Ohio Court of Appeals failed to rule individually and in writing
on the submitted assignments of error.  The Magistrate Judge
noted that while Ohio Appellate Rule 12 requires the appellate
court to rule on every assignment of error raised on direct
appeal, the Ohio Appellate Rules impose no similar requirement as
to an application to reopen.  The Magistrate Judge found that
even if the rules did impose such a requirement, the United
States Constitution does not require the state courts to abide by
a state rule of this nature.

The Court agrees with the Magistrate Judge's determination.
Even assuming Ohio law imposed a requirement that the Court of
Appeals rule in writing on every assignment of error alleged in
an application to reopen, a failure to abide by this rule is not
cognizable in federal habeas corpus because it does not
constitute "a fundamental miscarriage of justice" or rise to the
level of a constitutional due process violation.  Nor has
Petitioner alleged facts to show an equal protection violation.

Petitioner's objections to the Magistrate Judge's recommendation that his ninth ground for relief be denied are not well-taken.

10.  Tenth Ground for Relief

Petitioner claims that he was denied due process when the Hamilton County Court of Common Pleas denied his petition for post-conviction relief without giving him an opportunity to respond to the State's "motion."  As noted by the Magistrate Judge, the State actually filed an opposing memorandum in response to the petition, and Petitioner's objection is to denial of the opportunity to file a reply brief.  The Magistrate Judge determined that Petitioner had no federal constitutional right to an opportunity to respond when the face of the petition showed that he was not entitled to relief.

The mere failure by the state court to allow Petitioner an opportunity to file a reply brief does not rise to the level of a violation of his federal due process rights.  Petitioner had an opportunity to submit facts and evidentiary documents to demonstrate his entitlement to relief when he filed his petition for post-conviction relief.  The state courts were not bound by Federal law to provide Petitioner with an additional opportunity to support his claims by filing a reply brief.  The tenth ground for relief is not cognizable on federal habeas review.

11.  Eleventh Ground for Relief

Petitioner asserts as his eleventh ground for relief that

-25-

the state court erred by denying him a hearing on his petition for post-conviction relief.  Petitioner concedes in his objections, however, that there is no federal constitutional right to a hearing in connection with a post-conviction relief petition.  Moreover, as stated above, Petitioner did not present to the state courts any facts or documents to show that an evidentiary hearing was warranted.  This claim is not cognizable on federal habeas review.

12.  Twelfth Ground for Relief

Petitioner alleges as his twelfth ground for relief that the Ohio Court of Appeals erred by not considering the entire record in his case.  The Magistrate Judge found that Petitioner had not demonstrated that the Court of Appeals failed to consider the entire record.  The Magistrate Judge stated that "[d]espite repeated attempts, Petitioner has not shown with evidence how he was prejudiced by the way his trial was conducted."  This Court agrees and finds that Petitioner has not made specific allegations or offered evidence to demonstrate that "a violation of law 'clearly established' by holdings of the Supreme Court" occurred.  The twelfth ground for relief is without merit.

VI.  <u>Conclusion</u>

In accordance with the foregoing, it is hereby ordered that the petition for a writ of habeas corpus is **DENIED** with prejudice.  A certificate of appealability shall not issue with respect to the first, second, and sixth through twelfth grounds for relief because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims.  <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability shall not issue with respect to the third, fourth and fifth grounds for relief, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the standard set forth in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

This Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this Order would not be taken in good faith. Accordingly, Petitioner will not be granted leave to appeal in forma pauperis.  <u>See</u> Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**


DATED: June 3, 2008        <u>S/ Sandra S. Beckwith</u>
                           Sandra S. Beckwith, Chief Judge
                            United States District Court

-27-